Emily Gildar Yaron (#028811)
Molly J. Kjartanson (#34063)
SNELL & WILMER L.L.P.
1 E. Washington St., Suite 2700
Phoenix, AZ 85004
Telephone: 602) 382-6000
Facsimile: (602) 382-6070
Email: eyaron@swlaw.com
Email: mkjartanson@swlaw.com

Madison R. Way (Cal. Bar #341036)
mway@jonesday.com
555 S Flower Street, Floor 50
Los Angeles, California 90071
T:      +213-489-3939
F:      +213-243-2539
Admitted pro hac vice

Counsel for Defendant
Experian Information Solutions, Inc.

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Crystal Lovelady<br><br>              Plaintiff,<br><br>        v.<br><br>General Business Recoveries, Inc.,<br>and Experian Information Solutions,<br>Inc.<br><br>              Defendants. | Case No.: 4:23-cv-00136-SHR<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Oral Argument Requested |

- 1 -

1

2

## **<u>TABLE OF CONTENTS</u>**

<u>**Page**</u>

INTRODUCTION ............................................................................................. 1

STATEMENT OF FACTS ............................................................................... 1

    I.    THE GBR ACCOUNT ................................................................. 1

    II.   PLAINTIFF'S DISPUTES ........................................................... 2

LEGAL STANDARD ...................................................................................... 3

ARGUMENT .................................................................................................... 4

    I.    PLAINTIFF CANNOT ESTABLISH THAT EXPERIAN'S
        REPORTING WAS INACCURATE. ......................................... 4

        A.    MR. LOVELADY'S MEDICAL DEBT WAS
            COMMUNITY PROPERTY UNDER ARIZONA
            LAW. ............................................................................... 4

        B.    PLAINTIFF'S DISPUTE TO EXPERIAN WAS AN
            IMPROPER COLLATERAL ATTACK ON THE GBR
            DEBT. .............................................................................. 6

    II.   PLAINTIFF CANNOT SHOW THAT EXPERIAN FAILED
        TO FOLLOW REASONABLE PROCEDURES OR
        CONDUCT A REASONABLE REINVESTIGATION. ................... 8

        A.    EXPERIAN FOLLOWED REASONABLE
            PROCEDURES. ............................................................... 8

        B.    EXPERIAN CONDUCTED A REASONABLE
            REINVESTIGATION UNDER 15 U.S.C.
            § 1681I(A)(1). ................................................................ 10

    III.  AT A MINIMUM, PLAINTIFF CANNOT ESTABLISH
        THAT EXPERIAN ACTED WILLFULLY ................................. 12

CONCLUSION ............................................................................................... 14

19

20

21

22

23

24

25

26

27

28

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page**

3

C<small>ASES</small>

4

5

*Abbink v. Experian Info. Sols., Inc.*,
6
   No. SA CV 19-1357-JFW, 2019 WL 6838705 (C.D. Cal. Sept.
   20, 2019) ................................................................................................ 13

7

*Abernathy v. Cont'l Serv. Grp., Inc., Case*
8
   No. 2:17-cv-00636-APG-NJK, 2018 WL 3370524 (D. Nev. July
9
   9, 2018) ........................................................................................... 11, 13

10

*Addisu v. Fred Meyer, Inc.*,
11
   198 F.3d 1130 (9th Cir. 2000) ................................................................ 3

12

*Anderson v. Liberty Lobby, Inc.*,
13
   477 U.S. 242 (1986) ............................................................................ 3, 4

14

*Anthony v. Experian Info. Sols., Inc.*,
15
   No. 2:14-cv-1230, 2017 WL 1198499 (E.D. Cal. Mar. 31, 2017) .............. 9, 13

16

*Banga v. Experian Info. Sols., Inc.*,
17
   No. C 09-04867 SBA, 2013 WL 5539690 (N.D. Cal. Sept. 30,
18
   2013) .................................................................................................... 13

19

*Barron v. Equifax Info. Servs., L.L.C.*,
20
   802 F. App'x 161 (5th Cir. 2020) ........................................................ 11

21

*Boothe v. TRW Credit Data*,
22
   768 F. Supp. 434 (S.D.N.Y. 1991) ........................................... 10, 11, 13

23

*Butler v. Equifax Info. Servs., LLC*,
24
   No. EDCV 18-2084, 2019 WL 2498939 (C.D. Cal. Apr. 3, 2019) ............ 4, 10

25

*Cardinal & Stachel, P.C. v. Curtiss*,
26
   225 Ariz. 381 (Ct. App. 2010) ............................................................... 5

27

*Carvalho v. Equifax Info. Servs., LLC*,
28
   629 F.3d 876 (9th Cir. 2010) ................................................... 6, 7, 8, 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Darrin v. Bank of Am., N.A.*,
  No. 2:12-cv-228, 2014 WL 1922819 (E.D. Cal. May 14, 2014) ......................9

*DeAndrade v. Trans Union LLC*,
  523 F.3d 61 (1st Cir. 2008) .................................................................................7

*Denan v. Trans Union LLC*,
  959 F.3d 290 (7th Cir. 2020) ..............................................................................7

*Ghazaryan v. Experian Info. Sols., Inc.*,
  No. 2:15-CV-9604-RGK-MRW, 2017 WL 5957640 (C.D. Cal.
  Jan. 4, 2017)...............................................................................................12, 13

*Ghazaryan v. Experian Info. Sols., Inc.*,
  740 F. App'x 158 (9th Cir. 2018)......................................................................11

*Gorman v. Wolpoff & Abramson, LLP*,
  584 F.3d 1147 (9th Cir. 2009)....................................................................10, 11

*Grigoryan v. Experian Info. Sols., Inc.*,
  84 F. Supp. 3d 1044 (C.D. Cal. 2014)................................................................9

*Guimond v. Trans Union Credit Info. Co.*,
  45 F.3d 1329 (9th Cir. 1995).........................................................................4, 9

*Humphrey v. Trans Union LLC*,
  759 F. App'x 484 (7th Cir. 2019).................................................................7, 11

*Jones v. Pennsylvania Higher Educ. Assistance Agency*,
  No. 16-CV-00107-RSW-LAF, 2017 WL 4594078 (C.D. Cal. July
  24, 2017).........................................................................................................7, 8

*Krieger v. Cap. One*,
  No. 2:13-CV-01389-LDG, 2014 WL 1305020 (D. Nev. Mar. 28,
  2014).....................................................................................................................6

*Leoni v. Experian Info. Sols. Inc.*,
  No. 17-cv-01408-RFB-VCF, 2019 WL 4866118 (D. Nev. Sept.
  26, 2019)............................................................................................................11

- iii -

*Marino v. Ocwen Loan Servicing LLC*,
    978 F.3d 669 (9th Cir. 2020)........................................................................12, 13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ................................................................................................4

*Monroe v. Guilford Cty. Dist. Court*,
    No. 15-cv-580, 2015 WL 4873002 (M.D.N.C. Aug. 13, 2015).......................13

*Morse v. USAA Fed. Sav. Bank*,
    No. 2:12-CV-00381-KJD, 2012 WL 6020090 (D. Nev. Dec. 3,
    2012)....................................................................................................................5, 6

*Phoenix Baptist Hosp. & Med. Ctr., Inc. v. Aiken*,
    179 Ariz. 289 (Ct. App. 1994).............................................................................5

*Prianto v. Experian Info. Sols., Inc.*,
    No. 13-CV-03461-TEH, 2014 WL 3381578 (N.D. Cal. July 10,
    2014)....................................................................................................................10

*Pulley v. Sterling Bancorp*,
    No. CV 20-6109, 2023 WL 2692386 (E.D. Pa. Mar. 28, 2023) .....................11

*Saenz v. Trans Union, LLC*,
    621 F. Supp. 2d 1074 (D. Or. 2007)....................................................................9

*Safeco Ins. Co. of Am. v. Burr*,
    551 U.S. 47 (2007) .........................................................................................12, 14

*Samaritan Health Sys. v. Caldwell*,
    191 Ariz. 479 (Ct. App. 1998).............................................................................5

*Schlaefer v. Fin. Mgmt. Serv., Inc.*,
    196 Ariz. 336 (Ct. App. 2000)..............................................................4, 5, 7, 8

**STATUTES**

15 U.S.C.
    § 1681e ............................................................................ passim
    § 1681i ............................................................................. passim
    § 1681n ................................................................................. 12

Ariz. Rev. Stat.
    § 25-211(A) ............................................................................. 4
    § 25-215(D) ............................................................................ 5

**OTHER AUTHORITIES**

12 C.F.R. § 1022.41(a) ................................................................. 5

16 C.F.R. 600, § 607.3(A) ........................................................... 9

Fed. R. Civ. P. 56 ................................................................. 1, 3, 4

- v -

1    Pursuant to Fed. R. Civ. P. 56, Defendant Experian Information Solutions,

2    Inc. ("Experian"), by and through its undersigned counsel, respectfully moves for

3    summary judgment against the claims of Plaintiff Crystal Lovelady ("Plaintiff").

4    This Motion is supported by the following memorandum of points and authorities,

5    the contemporaneously filed statement of facts ("SOF"), and the exhibits and

6    declarations of Teresa Iwanski and Madison R. Way attached thereto.

7    ## MEMORANDUM OF POINTS AND AUTHORITIES

8    ## INTRODUCTION

9    Plaintiff's case against Experian is replete with flaws.  One threshold

10   problem dooms it from the start:  a factual "inaccuracy" does not exist.  The account

11   at issue is a collection account from General Business Recoveries ("GBR") for a

12   debt incurred by Plaintiff's husband, Joshua J. Lovelady.  This debt was properly

13   and accurately reported as a joint responsibility between Plaintiff and her husband

14   as it is a community debt under Arizona law.  As soon as Plaintiff learned about

15   the GBR tradeline, she contacted GBR and was told as much.  Nevertheless,

16   Plaintiff eschewed disputes with the furnisher and collaterally attacked the debt

17   through a reinvestigation claim with Experian.

18   Because Plaintiff cannot overcome the threshold element of establishing a

19   factual inaccuracy, her 15 U.S.C. §§ 1681e(b) and 1681i claims must fail.  And

20   even if Plaintiff could establish a factual inaccuracy, her claims would still fall

21   short because she cannot establish that Experian failed to maintain reasonable

22   procedures or to conduct a reasonable reinvestigation.  She is similarly unable to

23   show that Experian acted willfully.  For all these reasons, as set forth in more detail

24   below, summary judgment should be entered in favor of Experian on all claims.

25   ## STATEMENT OF FACTS

26   ## I.    THE GBR ACCOUNT

27   On April 28, 2021, Plaintiff's husband Joshua J. Lovelady ("Mr. Lovelady")

28   underwent a root canal at Southern Arizona Endodontics ("Southern").  (SOF at ¶¶

- 1 -

2, 5.)  Southern billed Mr. Lovelady for the care.  (*Id.* at ¶ 3.)  Neither Mr. Lovelady nor Plaintiff (who remain married) paid the balance due to Southern of $431.56. (*Id.* at ¶¶ 3–5.)

Around March 31, 2022, Southern sent the $431.56 balance due on Mr. Lovelady's account to collection through GBR.  (*Id.* at ¶ 6.)  GBR reported the account to Experian around May 2022 with an industry-standard code (an "ECOA code" with a value of "2") indicating that Plaintiff and her husband were jointly responsible for the debt.  (*Id.* at ¶ 7.)  As a result, Experian added the GBR debt to Plaintiff's credit file (as well as Mr. Lovelady's) and listed the account as "Joint" with Mr. Lovelady.  (*Id.* at ¶ 8.)



Plaintiff called GBR shortly after learning of the account on May 17, 2022, and was told that, while the Southern debt was incurred by her husband, it also belonged to her because "it's a community state."  (*Id.* at ¶ 9.)  On June 27, 2022, Plaintiff sent a letter to GBR informing it that she and Mr. Lovelady "are not going to pay this account."  (*Id.* at ¶ 10.)

## II.    PLAINTIFF'S DISPUTES

On August 24, 2022, Plaintiff sent a letter to Experian disputing the GBR account.  (*Id.* at ¶ 11.)  Experian received the dispute on September 7, 2022 ("September 7, 2022 Dispute").  (*Id.*)  Plaintiff's September 7, 2022 Dispute stated that Plaintiff had "never been to Southern AZ Endodontics" and demanded that Experian delete the account on the grounds that the GBR account was not hers and

that she "was never notified by anyone of its existence." (*Id.* at ¶ 12.)  Plaintiff did not attach any documents to her dispute letter, and Plaintiff did not send additional dispute letters to Experian regarding the GBR account.  (*Id.* at ¶ 13)

In response to Plaintiff's letter, Experian reviewed the disputed information and contacted GBR using an Automated Consumer Dispute Verification, or ACDV, which summarized Plaintiff's dispute, provided GBR with the account information appearing in Plaintiff's credit file, and attached Plaintiff's September 7, 2022 Dispute letter.  (*Id.* at ¶ 14.)

GBR responded to Experian's ACDV on September 29, 2022, verifying that Plaintiff was responsible for the account.  (*Id.* at ¶ 15.)  Experian sent Plaintiff the results of its reinvestigation on September 29, 2022, noting that GBR "has certified to Experian that the information is accurate." (*Id.* at ¶ 16.)  The tradeline remained in Plaintiff's credit file with its "Responsibility" listed as "Joint" with Mr. Lovelady.  (*Id.* at ¶ 17.)  The September 2022 Dispute Results further instructed Plaintiff on actions she could take if she disagreed with the results of Experian's reinvestigation, including by providing Experian with additional documentation or adding a statement of dispute explaining her position with respect to the account. (*Id.* at ¶ 18.)  Plaintiff received the September 2022 Dispute Results stating she could provide additional information, but she did not do so.  (*Id.* at ¶ 19.)

## LEGAL STANDARD

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  A "material" fact is one that may affect the outcome of the suit under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine" issue exists only where there is sufficient evidence that a reasonable jury could return a verdict for either party.  *See id.*  Mere arguments or allegations are insufficient to defeat a properly supported motion for summary judgment; the

nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248–51. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment should be entered in the movant's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

## ARGUMENT

## I.     PLAINTIFF CANNOT ESTABLISH THAT EXPERIAN'S REPORTING WAS INACCURATE.

To make out a prima facie violation under either 15 U.S.C. § 1681e(b) or § 1681i, a consumer must establish that a credit reporting agency prepared a report containing inaccurate information. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Butler v. Equifax Info. Servs., LLC*, No. EDCV 18-2084 JGB (SHKx), 2019 WL 2498939, at *2 (C.D. Cal. Apr. 3, 2019). Plaintiff cannot make this threshold showing for two reasons. First, the reporting was accurate because the debt for Mr. Lovelady's dental care is a community debt under Arizona law, meaning that Plaintiff and Mr. Lovelady are jointly liable for the debt, just as Experian reported. Second, to the extent Arizona law leaves any doubt that Plaintiff is jointly liable for her husband's medical debt, her claims present a disputed legal question, not a factual inaccuracy cognizable under the Fair Credit Reporting Act ("FCRA"). Thus, Plaintiff's claims fail as a matter of law.

### A.     Mr. Lovelady's Medical Debt Was Community Property Under Arizona Law.

Arizona is a community property state. That means that the property acquired by either spouse during marriage "is the community property of the husband and wife." Ariz. Rev. Stat. § 25-211(A). Conversely, "all debts incurred during marriage are presumed to be community obligations unless there is clear and convincing evidence to the contrary." *Schlaefer v. Fin. Mgmt. Serv., Inc.*, 196

Ariz. 336, 339 (Ct. App. 2000); *see also Cardinal & Stachel, P.C. v. Curtiss*, 225 Ariz. 381, 384 (Ct. App. 2010) (holding that a debt is a community obligation so long as, by incurring the debt, "some benefit was intended for the community"—*i.e.*, the married couple as a unit). Necessary medical care provided to one spouse "is presumed to be intended to benefit the community," and is thus a community debt. *Samaritan Health Sys. v. Caldwell*, 191 Ariz. 479, 482 (Ct. App. 1998) (internal quotes removed); *see also Phoenix Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 179 Ariz. 289, 294 (Ct. App. 1994) ("[T]he provision of medical care to [a spouse is] a community obligation."). Arizona law requires that spouses "be sued jointly" in any action to collect on a community obligation. Ariz. Rev. Stat. § 25-215(D).

The facts relevant to determining accuracy are undisputed. Mr. Lovelady received a root canal on April 28, 2021, incurring a debt of $431.70. (SOF at ¶¶ 2–4.) That debt has never been paid and was sent to collections in 2022. (*Id.* at ¶ 4, 6.) Mr. Lovelady and Plaintiff were married at the time of the root canal (and remain married) (*Id.* at ¶ 5), meaning that the unpaid $431.70 debt is a community obligation for which Arizona law makes them jointly liable. *See* Ariz. Rev. Stat. § 25-215(D). By including the GBR account on Plaintiff's credit report and identifying it as a joint debt with Mr. Lovelady, Experian accurately communicated that Plaintiff, like her husband, is liable for the unpaid debt. *See* 12 C.F.R. § 1022.41(a) (defining accuracy, for purposes of furnishing information to the CRAs, as "[r]eflect[ing] the terms of and liability for the account or other relationship").

*Morse v. USAA Fed. Sav. Bank* is instructive. No. 2:12-CV-00381-KJD, 2012 WL 6020090 (D. Nev. Dec. 3, 2012). In *Morse*, the consumer brought an FCRA claim against the furnisher, USAA, for reporting that she was jointly responsible for a credit card her husband opened during their marriage. *Id.* at *1. Although the credit card debt was assigned to the husband through their subsequent

divorce, the Court held that it was not inaccurate for USAA to report the account on the consumer's credit report largely because, in Nevada "debts incurred during marriage are presumed to be community debts, for which each spouse is liable . . . even after a decree of divorce assigns debt to one spouse." *Id.* at *3; *see also Krieger v. Cap. One*, No. 2:13-CV-01389-LDG, 2014 WL 1305020, at *2 (D. Nev. Mar. 28, 2014) (finding that it was not inaccurate for furnisher to report wife's credit card as a personal liability of the plaintiff because, although wife had discharged *her* personal liability through bankruptcy, "in a community property state such as Nevada," such a discharge "is not a discharge of the non-filing spouse's personal liability").

The accuracy question here, where there has been no divorce and no single-spouse bankruptcy, is even more straightforward than in *Morse* or *Krieger*. The GBR account is a community obligation, Plaintiff is liable for the debt, and Experian's reporting is accurate. Plaintiff cannot show otherwise. Rather, what Plaintiff essentially wants is for Arizona to not be a community property state. That, however, is something to take up with the Arizona legislature, not Experian.

### B.    Plaintiff's Dispute to Experian was an Improper Collateral Attack on the GBR Debt.

Even if there were a question as to whether Mr. Lovelady's medical debt was a community obligation, resolving that question would require adjudication of disputed legal issues, demonstrating that the inaccuracy alleged by Plaintiff is legal—not factual—in nature and therefore not cognizable under 15 U.S.C. §§ 1681e(b) or 1681i.

It is well established that a consumer may not collaterally attack the legal validity of a debt through a FCRA claim against a consumer reporting agency ("CRA") like Experian. *See, e.g.*, *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010). In *Carvalho*, the consumer challenged the CRA's report that she had an unpaid medical debt because she asserted "that she was not legally

obligated to pay the [debt] until [the medical provider] had properly billed her insurer." *Id.* The Ninth Circuit held that the CRA's reporting was not inaccurate because the consumer's dispute was, at heart, a legal defense to payment that presented "'a question for a court to resolve in a suit against the [creditor,] not a job imposed upon consumer reporting agencies by the FCRA.'" *Id.* (quoting *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008)). Courts across the country have adopted the same rule. *See, e.g.*, *Humphrey v. Trans Union LLC*, 759 F. App'x 484, 488 (7th Cir. 2019) ("CRAs are not a tribunal sitting to resolve legal disputes."); *Denan v. Trans Union LLC*, 959 F.3d 290, 296 (7th Cir. 2020) (explaining that CRAs "are neither qualified nor obligated to resolve legal issues"); *DeAndrade*, 523 F.3d at 68 (1st Cir. 2008) (finding a disputed mortgage was "not a factual inaccuracy that could have been uncovered by a reasonable reinvestigation, but rather a legal issue that a credit agency … is neither qualified nor obligated to resolve under the FCRA").

As in *Carvalho*, Plaintiff's challenge presents a legal defense to payment of her husband's medical debt that the FCRA does not require Experian to resolve. GBR has consistently affirmed its understanding that Plaintiff is liable for her husband's root-canal debt and that it belongs on her credit report, both in direct communications to Plaintiff and in response to Plaintiff's dispute to Experian. (SOF at ¶¶ 9, 14; *see also* Way Dec., Exh. B [Oulton Tr.], 21:7–14, 34:23–25, 35:1–2.) Plaintiff plainly disagrees, yet she and her husband abandoned any effort to resolve the issue directly with GBR about the account after an initial phone call because they found GBR's representative to be "very rude." (SOF at ¶ 20.) And "[e]ven though a court of law can resolve whether Plaintiff is responsible for" the GBR account, Plaintiff has never asked a court to do so. *Jones v. Pennsylvania Higher Educ. Assistance Agency*, No. 16-CV-00107-RSW-LAF, 2017 WL 4594078, at *4 (C.D. Cal. July 24, 2017). This is presumably because Plaintiff knows that she would not like the answer. *Schlaefer v. Fin. Mgmt. Serv., Inc.*, a

- 7 -

rare (and possibly *sui generis*) Arizona appellate decision finding that one spouse was not jointly liable for the other spouse's medical debt, is the exception that proves the rule.  196 Ariz. 336, 339 (Ct. App. 2000).  In *Schlaefer*, the court found clear and convincing evidence that the medical debt was not a community obligation because the couple had a premarital agreement that said so.  Plaintiff and Mr. Lovelady, by contrast, have no premarital agreement.

Regardless, Plaintiff's decision not to resolve her disagreement with GBR means that the "the issue of Plaintiff's liability for the [GBR account] is not properly settled or before the Court" in this FCRA action.  *Jones*, 2017 WL 4594078, at *4. In *Jones*, the court rejected the consumer's FCRA claims because threshold legal questions necessary to determine accuracy (including whether the disputed debt was incurred during marriage, and thus a community obligation under California law, or when the consumer and her spouse were living "separate and apart") had not been resolved.  *Id.*  And *Jones* was a suit against a *furnisher*, which the court acknowledged "'stands in a far better position to make a thorough investigation of a disputed debt'" as compared with CRAs, which "should not be burdened with establishing the validity of a consumer debt."  *Id.* (quoting *Carvalho*, 629 F.3d at 892) (citation omitted).

In short, Plaintiff's assertion that she is not obligated to pay the GBR account presents a legal question for which that Experian is not obligated to resolve under the FCRA.  *Carvalho*, 629 F.3d at 892.  Thus, there was no factual inaccuracy and Plaintiff's claims fail as a matter of law.

## II.    PLAINTIFF CANNOT SHOW THAT EXPERIAN FAILED TO FOLLOW REASONABLE PROCEDURES OR CONDUCT A REASONABLE REINVESTIGATION.

### A.    Experian Followed Reasonable Procedures.

To succeed on her 15 U.S.C. § 1681e(b) claim, Plaintiff must prove more than the existence of inaccurate information on a consumer report.  The FCRA does

- 8 -

not require CRAs to maintain error-free credit reports.  *See Guimond*, 45 F.3d at 1333 ("The FCRA does not impose strict liability . . . an agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures.").  Instead, the FCRA requires CRAs such as Experian to maintain reasonable procedures to assure the maximum possible accuracy of information contained in consumer reports.  15 U.S.C. § 1681e(b). This section "relate[s] to the maintenance and operation of [a CRA's] own internal databases rather than to investigation of the accuracy of information received from external sources."  *Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1070 (C.D. Cal. 2014).

Consequently, "[i]f a consumer reporting agency accurately transcribes, stores, and communicates consumer information received from a source that it reasonably believes to be reputable, and which is credible on its face, the agency does not violate [§ 1681e(b)] simply by reporting an item of information that turns out to be inaccurate."  *Saenz v. Trans Union, LLC*, 621 F. Supp. 2d 1074, 1081 (D. Or. 2007) (internal quotations and citations omitted).  A credit reporting agency acts reasonably "even if it reports inaccurate information, so long as it reasonably believed the source to be reputable at the time it received the information." *Anthony v. Experian Info. Sols., Inc.*, No. 2:14-cv-1230, 2017 WL 1198499, at *5 (E.D. Cal. Mar. 31, 2017); *see also Darrin v. Bank of Am., N.A.*, No. 2:12-cv-228, 2014 WL 1922819, at *6 (E.D. Cal. May 14, 2014) (citing *Guimond*, 45 F.3d at 1333) (holding that plaintiff's § 1681e(b) claim failed because the CRA relied upon information from Bank of America (the creditor), and plaintiff presented no evidence that Bank of America was not a reputable source); *see also* 16 C.F.R. 600, § 607.3(A) (a CRA does not violate § 1681e(b) when it "accurately transcribes, stores and communicates consumer information received from a source that it reasonably believes to be reputable, and which is credible on its face").

1    This authority is dispositive of Plaintiff's § 1681e(b) claim.  It is undisputed

2  that Experian correctly reported the information furnished by GBR as it related to

3  Plaintiff's tradeline, and Plaintiff has not provided evidence (aside from Plaintiff's

4  disagreement with GBR's reporting) that GBR is not a reliable furnisher.  As a

5  result, Plaintiff's 15 U.S.C. § 1681e(b) claim cannot succeed.

6    **B.**    **Experian Conducted a Reasonable Reinvestigation Under 15**

7         **U.S.C. § 1681i(a)(1).**

8    Because Plaintiff has failed to meet her *prima facie* burden to show

9  inaccurate reporting, the Court does not need to reach questions about the

10 reasonableness of Experian's reinvestigation.  *See Prianto v. Experian Info. Sols.,*

11 *Inc.*, No. 13-CV-03461-TEH, 2014 WL 3381578, at *8 (N.D. Cal. July 10, 2014)

12 (absent an inaccuracy, "Experian had no duty to resolve the disputed legal validity

13 of the underlying debt or refrain from reporting on it").  Regardless, Plaintiff cannot

14 establish that Experian failed to conduct a reasonable reinvestigation, further

15 dooming her 15 U.S.C. § 1681i claim.  *Butler*, 2019 WL 2498939, at *2.

16    Once a consumer notifies a CRA of a purported inaccuracy, a CRA is

17 obligated to conduct a reasonable reinvestigation of the disputed information.  *See*

18 15 U.S.C. § 1681i(a)(1).  This obligation is generally satisfied by contacting the

19 furnisher, informing it of the consumer's dispute, providing it with all relevant

20 information given by the consumer, and requesting that the furnisher verify the

21 information.  *See generally* 15 U.S.C. § 1681i(a)(2)–(6).  As the Ninth Circuit has

22 recognized, a "CRA's 'reasonable reinvestigation' consists largely of triggering the

23 investigation by the furnisher" because the furnisher "stands in a far better position

24 to make a thorough investigation of a disputed debt than the CRA does on

25 reinvestigation."  *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1156 (9th

26 Cir. 2009); *see also Carvalho,* 629 F.3d at 892; *Boothe v. TRW Credit Data*, 768

27 F. Supp. 434, 438 (S.D.N.Y. 1991) (holding that a CRA complies with the

28

- 10 -

1  reinvestigation requirements by reinvestigating disputed information with the

2  source of the information).

3       Here, after receiving Plaintiff's dispute, Experian reviewed the information

4  provided by Plaintiff and forwarded the dispute via ACDV to GBR.  (SOF at ¶ 14.)

5  The ACDV contained a description of Plaintiff's dispute and attached Plaintiff's

6  September 7, 2022 Dispute letter.  (*Id.*)  Experian requested that GBR certify the

7  payment history and the status of the account.  (*Id.*)  GBR responded to the ACDVs

8  and verified its reporting.  (*Id.* at ¶ 15.).  Experian evaluated GBR's response to the

9  ACDV in accordance with its own procedures (*id.*), and displayed the account

10  consistent with GBR's response.  (*Id.* at ¶ 17.)  After receiving confirmation from

11  GBR that the information GBR reported regarding Plaintiff's outstanding

12  collection on her GBR tradeline was accurate, Experian mailed Plaintiff the

13  reinvestigation results within the 30-day period set out by the FCRA.  (*Id.* at ¶ 16.)

14       Courts have repeatedly held that the ACDV process "is an adequate and

15  reasonable method of reinvestigation by consumer reporting agencies."  *Pulley v.*

16  *Sterling Bancorp*, No. CV 20-6109, 2023 WL 2692386, at *8 (E.D. Pa. Mar. 28,

17  2023); *see also Gorman,* 584 F.3d at 1156 ("[T]he furnisher of credit information

18  stands in a far better position to make a thorough investigation of a disputed debt

19  than the CRA does on reinvestigation."); *Barron v. Equifax Info. Servs., L.L.C.*,

20  802 F. App'x 161 (5th Cir. 2020) (noting that the "district court held that a [CRA]'s

21  reliance on the ACDV system is generally acceptable" and that there was no reason

22  to find a "need to go beyond the ACDV system as to th[e] dispute"); *Humphrey*,

23  759 Fed.App'x at 488; *Leoni v. Experian Info. Sols. Inc.*, No. 17-cv-01408-RFB-

24  VCF, 2019 WL 4866118, at *5 (D. Nev. Sept. 26, 2019) (finding that "Experian's

25  reinvestigation, which included contacting the original furnisher and updating the

26  tradeline in light of [the furnisher's] ACDV response, was a reasonable

27  reinvestigation"); *Abernathy v. Cont'l Serv. Grp., Inc.*, No. 2:17-cv-00636-APG-

28  NJK, 2018 WL 3370524, at *9 (D. Nev. July 9, 2018) ("[Plaintiff] has not shown

- 11 -

that Experian's reliance on ACDVs was unreasonable in this case."); *Ghazaryan v. Experian Info. Sols., Inc.*, 740 F. App'x 158, 158 (9th Cir. 2018) (finding CRA's reinvestigation reasonable as a matter of law when CRA used the ACDV process).

This case is no exception. Here, the uncontroverted evidence shows that Experian's ACDV request was "reasonably calculated to enable [GBR] to investigate [Plaintiff's] dispute," and that Experian "had no indication that the ACDV process would not suffice." *Ghazaryan v. Experian Info. Sols., Inc.*, No. 2:15-CV-9604-RGK-MRW, 2017 WL 5957640, at *4 (C.D. Cal. Jan. 4, 2017), *aff'd*, *Ghazaryan*, 740 F. App'x at 158 (CRA entitled to rely on the furnisher's information because the CRA "had determined [the furnisher] to be a reliable source, and [plaintiff] gave [the CRA] no reason to question that determination."). Accordingly, since "only one conclusion" can be reached regarding the reasonableness of Experian's conduct, summary judgment is appropriate here. *Ghazaryan*, 2017 WL 5957640, at *4.

## III.    AT A MINIMUM, PLAINTIFF CANNOT ESTABLISH THAT EXPERIAN ACTED WILLFULLY

Plaintiff cannot establish that Experian "willfully" violated the FCRA. *See* 15 U.S.C. § 1681n. A FCRA violation is willful where it is made either knowingly or with reckless disregard for the requirements imposed under the FCRA. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56–60 (2007). To show that a defendant recklessly disregarded the FCRA's requirements, a plaintiff must show that the defendant "ran a risk of violating the law substantially greater than the risk associated with a reading [of the FCRA] that was merely careless." *Id.* at 69. Where a CRA's actions have "a foundation in the statutory text . . . and a sufficiently convincing justification," they are not objectively unreasonable, let alone reckless, even if the court disagrees with the justification. *Id.* at 69–70. Even an erroneous reading of the statute is not necessarily "objectively unreasonable." *Id.* at 69; *see also Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 673 (9th

1  Cir. 2020) (requiring plaintiffs show "not only that the defendant's interpretation

2  was objectively unreasonable, but also that the defendant ran a risk of violating the

3  statute that was substantially greater than the risk associated with a reading that

4  was merely careless").

5          Thus, a CRA violates the FCRA willfully only where its acts are established

6  as unlawful by either "pellucid" statutory text or "guidance from the courts of

7  appeal or the [FTC] . . . that might have warned it away from the view it took." *Id*.

8  at 70. "Merely stating that the violation was 'willful' or 'negligent' is insufficient."

9  *Abbink v. Experian Info. Sols., Inc.*, No. CV 19-1357-JFW, 2019 WL 6838705, at

10  *5 (C.D. Cal. Sept. 20, 2019) (quoting *Monroe v. Guilford Cty. Dist. Court*, No.

11  15-cv-580, 2015 WL 4873002, at *1–2 (M.D.N.C. Aug. 13, 2015)). The absence

12  of willfulness can be resolved as a matter of law. *Id*. at 71 (holding, as a matter of

13  law, that the defendant did not recklessly violate the FCRA); *see also Banga v.

14  Experian Info. Sols., Inc.*, No. C 09-04867 SBA, 2013 WL 5539690, at *12 (N.D.

15  Cal. Sept. 30, 2013) (granting summary judgment in favor of Experian).

16          There is no evidence of willfulness. Longstanding case law establishes that

17  CRAs like Experian are not obligated to resolve a consumer's challenge to the legal

18  validity of a debt. *See supra* at pp. 6–8. Experian did not knowingly or recklessly

19  violate the FCRA by not doing so here. Nor was it knowing or reckless for

20  Experian to rely on the ACDV process to reinvestigate Plaintiff's dispute, which

21  has been affirmed as reasonable by numerous courts. *Ghazaryan*, 740 F. App'x at

22  158 (finding CRA's reinvestigation reasonable when CRA used the ACDV

23  process); *Boothe*, 768 F. Supp. at 438 (a CRA complies with the reinvestigation

24  requirements by reinvestigating disputed information with the source of the

25  information)*; Anthony*, 2017 WL 1198499, at *7 ("Defendant's reliance on the

26  ACDV process alone is reasonable under § 1681i as a matter of law."); *Abernathy*,

27  2018 WL 3370524, at *9 ("[Plaintiff] has not shown that Experian's reliance on

28  ACDVs was unreasonable in this case."). In light of this case law, Plaintiff cannot

demonstrate that Experian's reinvestigation "ran a risk of violating the law substantially greater than the risk associated with a reading [of the Act] that was merely careless." *Safeco Ins. Co. of Am.*, 551 U.S. at 69.

For all of these reasons, Plaintiff failed to raise a triable issue of fact on the question of willfulness.

## CONCLUSION

For the foregoing reasons, Experian respectfully requests that this Court grant its Motion for Summary Judgment in its entirety.


Dated:        May 20, 2024              Respectfully submitted,

/s/ *Emily Yaron*
Emily Gildar Yaron (#028811)
Molly J. Kjartanson (#34063)
SNELL & WILMER L.L.P.
1 E Washington St., Ste. 2700
Phoenix, AZ 85004
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email: eyaron@swlaw.com
Email: mkjartanson@swlaw.com


/s/ *Madison Way*
Madison R. Way (Cal. Bar # 341036)
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile:  (213) 243-2539
email: mway@jonesday.com
Attorneys for Defendant
Experian Information Solutions, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Dawn M. McCraw
David A. Chami
Consumer Attorneys
8245 N. 85th Way
Scottsdale, AZ 85258
dmccraw@consumerattorneys.com
dchami@consumerattorneys.com
Attorneys for Plaintiff

Daniel C. Cohen
Consumer Attorneys PLC
300 Cadman Plaza W, 12 Fl.
Brooklyn, NY 11201
dcohen@consumerattorneys.com
Attorneys for Plaintiff


*/s/ Paula Shanahan*

4881-9754-0288.2